# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2012

Lyle W. Cayce
Clerk

No. 12-50826

In re: ATLANTIC MARINE CONSTRUCTION COMPANY, INC.,

Petitioner

**FILED**

_A 12CV 228LY_

NOV 2 9 2012

CLERK, U.S. DISTRICT **COURT**
WESTERN DISTRICT OF **TEXAS**
BY_____
DEPUTY CLERK

Petition for a Writ of Mandamus to the
Western District of Texas, Austin

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This case turns on the proper procedural treatment of a forum-selection clause. In April 2009, the United States Corps of Engineers contracted with Atlantic Marine Construction ("Atlantic") for construction of a child development center at Fort Hood, located in the Western District of Texas. In connection with that contract, Atlantic entered into a Subcontract Agreement with J-Crew Management, Inc. ("J-Crew") for provision of construction labor and materials. This Subcontract Agreement included a forum-selection clause, providing that disputes "shall be litigated in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division." It contained no choice of law provision.

Ignoring the forum-selection clause, J-Crew filed suit against Atlantic in the Austin Division of the Western District of Texas,[1] alleging that Atlantic

---

[1] The district court had diversity jurisdiction. 28 U.S.C. § 1332.

failed to pay J-Crew for work performed under the Subcontract Agreement. Atlantic moved to dismiss J-Crew's suit under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406, arguing that the forum-selection clause obligated J-Crew to bring suit in Virginia. Alternatively, Atlantic moved to transfer the case to the Eastern District of Virginia under 28 U.S.C. § 1404(a).

The district court denied the motion to dismiss or transfer the case. It first concluded that when a forum-selection clause designates a specific federal forum or allows the parties to select the federal courts of a different forum, section 1404(a), not Rule 12(b)(3) and § 1406, is the proper procedural mechanism for its enforcement. Applying § 1404(a), the district court denied Atlantic's motion to transfer, finding that Atlantic had not met its burden of showing why the interest of justice or the convenience of the parties and their witnesses weighed in favor of transferring the case to Virginia. Atlantic petitions this Court for a writ of mandamus directing the district court to dismiss the case or transfer it to the United States District Court for the Eastern District of Virginia.

## I.

Three requirements must be met before a writ of mandamus may issue. First, the petitioner must have no other adequate means of relief.[2] Second, the petitioner's right to issuance of the writ must be "clear and indisputable."[3] Third, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances."[4]

With respect to the second requirement—that the petitioner's right to issuance of the writ must be "clear and indisputable"—this Court has made clear that "we are not to issue a writ to correct a mere abuse of discretion, even though

---

[2] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc).

[3] *Id.* (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004)).

[4] *Id.* (quoting *Cheney*, 542 U.S. at 380–81).

such might be reversible on a normal appeal."[5]  Instead, we will only grant mandamus relief when errors "produce a patently erroneous result" and "clearly exceed[] the bounds of judicial discretion."[6]

Atlantic urges that the district court clearly abused its discretion (1) by considering enforcement of the forum-selection clause under § 1404(a), instead of under Rule 12(b)(3) and § 1406, and (2) by committing errors when conducting its analysis under § 1404(a).  Because we find the district court did not clearly abuse its discretion in either respect, we deny Atlantic's petition.

## II.

Atlantic first argues that the district court clearly abused its discretion by using § 1404(a), instead of Rule 12(b)(3) and § 1406, to enforce the contractual forum-selection clause.  We begin with a brief explanation of the relevant statutory framework.  Section 1391 governs whether venue is proper in a given federal district.[7]  Rule 12(b)(3) and § 1406(a) provide for dismissal or transfer of an action that has been brought in an improper venue.[8]  By contrast, when the action has been brought in a proper venue, section 1404 provides for transfer of the action within the federal system to another federal venue where the action could have been brought.[9]  Thus, the determination of whether § 1406 or

---

[5] *Id.* at 310.

[6] *Id.*

[7] *See* 28 U.S.C. § 1391.

[8] Rule 12(b)(3) provides for a motion to dismiss for improper venue.  FED. R. CIV. P. 12(b)(3).  Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406.

[9] Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).

§ 1404(a) applies turns on whether venue is proper in the court in which the suit was originally filed. If venue is improper in that court, then § 1406 or Rule 12(b)(3) applies. If venue is proper in that court, then § 1404(a) applies. In turn, the choice between Rule 12(b)(3) and § 1406 on the one hand and § 1404 on the other depends on whether private parties can, through a forum-selection clause, render venue improper in a court in which venue is otherwise proper under § 1391.[10] Federal circuit courts are divided on the issue.[11]

The district court below held that when a forum-selection clause designates a specific federal forum or allows the parties to select the federal courts of a different forum, a motion to transfer under § 1404(a) is the proper procedural mechanism for enforcing the clause. In so doing, the district court followed the approach taken by a majority of district courts in this Circuit[12] and a minority of the federal appellate courts.[13] We agree with that approach.

In reaching the conclusion that enforcement of the forum-selection clause under § 1404(a) was proper, we find the Supreme Court's opinion in *Stewart Organization, Inc. v. Ricoh Corp.* instructive.[14] In that case, the plaintiff filed suit in the Northern District of Alabama and the defendant moved to dismiss the case or transfer venue to the Southern District of New York based on a

---

[10] In this case, venue was proper in the Western District of Texas under § 1391 because the parties entered into and performed the Subcontract Agreement in that judicial district. *See* 28 U.S.C. § 1391(b)(2).

[11] Compare *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 477–78 (2d Cir. 2011), and *Slater v. Energy Servs. Grp. Int'l Inc.*, 634 F.3d 1326, 1333 (11th Cir. 2011), with *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 535 (6th Cir. 2002), and *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

[12] *See, e.g., Williamson-Dickie Mfg. Co. v. M/V Heinrich J*, 762 F. Supp. 2d 1023, 1028 (S.D. Tex. 2011); *Se. Consulting Grp., Inc. v. Maximus, Inc.*, 387 F. Supp. 2d 681, 684–85 (S.D. Miss. 2005); *Lafargue v. Union Pac.* R.R., 154 F. Supp. 2d 1001, 1003–04 (S.D. Tex. 2001); *Brock v. Baskin-Robbins USA Co.*, 113 F. Supp. 2d 1078, 1082–82 (E.D. Tex. 2000).

[13] *See Kerobo*, 285 F.3d at 538–39; *Jumara*, 55 F.3d at 879–79.

[14] 487 U.S. 22 (1988).

contractual forum-selection clause.  The Supreme Court held that when an action is filed in federal court under diversity jurisdiction, federal law, specifically § 1404(a), not state law, governs a motion to transfer to another federal court pursuant to a forum-selection clause.  In doing so, the *Stewart* Court "implicitly held that a forum selection clause does not render the venue of an otherwise properly venued claim improper" because "Section 1404(a) is the proper procedural tool for transferring a case only when venue is proper in the chosen district; if venue is improper, Section 1406(a) is used to transfer venue."[15] The *Stewart* Court explained that a forum-selection clause should receive "the consideration for which Congress provided in § 1404(a)."[16] Thus, *Stewart* "strongly implies that Congress' determination of where venue lies cannot be trumped by private contract and that, therefore, a forum selection clause cannot render venue improper in a district if venue is proper in that district under federal law."[17]  This result makes sense "because private parties should not have the power to transcend federal venue statutes that have been duly enacted by Congress and render venue improper in a district where it otherwise would be proper under congressional legislation."[18]  That Atlantic Marine claims to have exactly this power is understandable.  Dismissal under Rule 12(b)(3) or transfer under § 1406 would deny district courts both a role in making the transfer and its capture of Texas law.  While Atlantic Marine bargained for a choice of forum, it failed to obtain a choice of law provision.

Although Atlantic urges otherwise, our approach is in accord with Fifth Circuit precedent holding that dismissal under Rule 12(b)(3) is the proper

---

[15] 14D CHARLES A. WRIGHT, ET. AL., FEDERAL PRACTICE AND PROCEDURE § 3803.1 (3d ed.).

[16] *Stewart*, 487 U.S. at 31.

[17] WRIGHT, *supra* note 13, at § 3803.1 (3d ed.).

[18] *Id.*  However the concurring opinion reads *Stewart*, it is plain that its view would render it a dead letter.

approach when a forum-selection clause designates an arbitral, foreign, or state court forum.[19]  When a forum-selection clause designates an arbitral, foreign, or state court forum, a district court does not have the option of transferring the case to the designated forum because § 1404(a) and § 1406 only allow for transfer within the federal system.  Because dismissal is the only available option for the district court in those cases, dismissal is the proper remedy.[20]  By contrast, this Court has implied that dismissal is inappropriate when transfer pursuant to § 1404(a) is available, as is the case when a forum-selection clause designates a federal forum.[21]

Nor is our approach inconsistent with this Court's decision in *Jackson v. West Telemarketing Corp. Outbound*.[22]  *Jackson* does not necessarily rest on a finding that a forum-selection clause renders venue improper in any venue other than that designated—a holding we would not quickly attribute to the panel as it cannot be squared with *Stewart*.  Faced with an opaque record, the panel was unable to find footing for concluding more than that venue was improper in the California district court; that conclusion came from the inference that because transfer was under § 1406 and no § 1404 analysis was conducted, venue must have been improper.  Why it was improper was of lesser concern and the panel

---

[19] *See, e.g., Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898 (5th Cir. 2005) (arbitral forum); *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33 (5th Cir. 1997) (foreign forum); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112 (5th Cir. 1996) (state court forum).

[20] *See Amplicon*, 77 F.3d at 115.

[21] *Id.* at 113–14 ("Although we would prefer to apply the same *Stewart* balancing in diversity cases to motions to dismiss and motions to transfer, the other federal courts have decided otherwise and continue to apply *Bremen* to motions to dismiss based on a forum selection clause . . . .  Still other courts have suggested that a motion to dismiss is not an appropriate means of enforcing a forum selection clause, and that instead the motion should be treated as a motion to transfer.  However, these cases, unlike our own, did not involve a forum selection clause that limited the agreed venue to a state court." (internal citations omitted)).

[22] 245 F.3d 518 (5th Cir. 2001).

did not say. Because the vitality of venue in California was muddled, we cannot exclude the possibility that venue was improper under § 1391 in the district where originally filed. Reading *Jackson* in conformity with *Stewart* we cannot conclude that *Jackson* determines the outcome in this case.

In short, *Stewart* did not hold that § 1404 is *always* the proper approach when the parties have entered into a contractual forum-selection clause. The choice between § 1404 and § 1406 depends on whether venue was statutorily proper under § 1391 in the forum where the action was initially filed. A forum-selection clause is properly enforced via § 1404(a) as long as venue is statutorily proper in the district where suit was originally filed and as long as the forum-selection clause elects an alternative federal forum. When the forum-selection clause designates an arbitral, foreign, or state court forum, the federal district court is without power to transfer and thus must dismiss the case as long as it determines the forum-selection clause is enforceable.

### III.

Atlantic next argues that even if the district court correctly chose § 1404(a) as the proper procedural mechanism for enforcing the forum-selection clause, it made several errors in conducting its analysis under § 1404(a) that show a clear abuse of discretion. Specifically, Atlantic alleges that the district court clearly erred (1) by placing the burden of proof under § 1404(a) on Atlantic, the party seeking to enforce the forum-selection clause, to show why transfer to the designated forum should be granted; (2) by considering inconvenience that was foreseeable at the time the parties entered into the Subcontract Agreement; (3) by considering non-existent difficulties in obtaining depositions from non-party witnesses located in Texas; and (4) by not considering the public interests served by enforcement of the forum-selection clause. After reviewing the record and case law with respect to each of these alleged errors, we cannot find that the district court clearly abused its discretion.

## A.

First, Atlantic contends that although the movant seeking to transfer under § 1404(a) generally bears the burden of proving the propriety of transfer, when the parties have entered into a contractual forum-selection clause the party seeking to avoid the contractually-chosen forum bears the burden of proving why the contractual choice should not be honored. Given the fact that this Court has never confronted that issue, we cannot conclude that the district court clearly abused its discretion by placing the burden on the movant. Moreover, no part of the Supreme Court's decision in *Stewart* necessarily requires the burden to be placed on the non-moving party. The Supreme Court merely insisted that the forum-selection clause be "a significant factor that figures centrally in the district court's calculus."[23]  Placing the burden on the moving party still allows the court to give the forum-selection clause "the consideration for which Congress has provided in § 1404" because the district court will consider the forum-selection clause in evaluating both the private and public interest factors.[24]   Although transfer under § 1404(a) involves consideration of "the convenience of parties and witnesses" and "the interest of justice," that does not mean that in the absence of burden shifting the § 1404(a) approach will disfavor forum-selection clauses or allow litigants to easily circumvent their contractually-chosen forum. Instead, by incorporating the forum-selection clause into the private and public factor analysis, it will be

---

[23] *Stewart*, 487 U.S. at 29.

[24] *Id.* at 31; *see id.* at 29–30 ("A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus. In its resolution of the § 1404(a) motion in this case, for example, the District Court will be called on to address such issues as the convenience of a Manhattan forum given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power. The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences.").

difficult for a party to avoid the contractually-chosen forum. In light of the Supreme Court's language in *Stewart* and the realities of the § 1404(a) analysis, we are not persuaded that the district court clearly mis-allocated the burden under § 1404(a).

## B.

Second, Atlantic argues that the district court gave undue consideration to the foreseeable inconvenience J-Crew would face if the case were transferred to the Eastern District of Virginia. Atlantic urges that because J-Crew entered into a valid forum-selection clause it should have been precluded from arguing that the selected forum is inconvenient if such inconvenience was foreseeable at the time of contracting. *Stewart* teaches that Congress has by § 1404(a) removed the lateral transfer of cases among federal courts from the control of private contracts. While a contracted-for choice of forum remains a significant factor, it is not controlling. To remove all matters of inconvenience foreseeable when the parties reached their choice of forum agreement from the required weighing by federal district judges cannot be squared with *Stewart*. The argument is simply a slip past its core holding—institutional concerns cannot be contracted away by private parties. Finally, we add that our consideration of this late-arriving argument as a variation of the arguments made below is generous. Atlantic failed to argue below that the district court should not consider foreseeable inconvenience and Atlantic points to no controlling authority holding foreseeability is a necessary consideration under § 1404(a).[25] Thus, we conclude that the district court did not "clearly and indisputably" err by failing to consider an argument that was not before it and that was not compelled by precedent.

---

[25] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the only case Atlantic cites for this proposition, did not employ a § 1404(a) analysis, so even if foreseeability is an appropriate consideration under the *Bremen* factors, it does not necessarily follow that the same is true in a § 1404(a) analysis.

## C.

Third, Atlantic argues that the district court clearly erred in considering non-existent difficulties J-Crew would face in obtaining depositions from non-party witnesses in Texas if the case were transferred to Virginia. Atlantic contends that these alleged difficulties are unfounded because under Rule 45(a)(2)(B) the parties would be able to issue subpoenas to compel witnesses to sit for depositions in Texas.[26] Atlantic's argument misses the point. The district court below was mainly concerned with J-Crew's ability to secure witnesses for trial, not for depositions. And the district court's concerns with respect to J-Crew securing trial testimony were well-founded, notwithstanding Rule 45(a)(2)(B). J-Crew identified seven non-party witnesses that may provide relevant testimony who reside in Texas and any trial subpoenas for witnesses to travel more than 100 miles would be subject to motions to quash under Rule 45(c)(3)(ii).[27] Thus, we are unpersuaded by Atlantic's argument that the district court clearly erred by considering J-Crew's ability to secure testimony for trial in Virginia.

## D.

Finally, Atlantic argues that the district court clearly erred in not recognizing the strong public interest favoring enforcement of forum-selection clauses. However, Atlantic failed to raise this argument below. In fact, the only argument Atlantic made with respect to the public's interest in transferring the case to Virginia was that courts in the Eastern District of Virginia resolve cases faster than those in the Western District of Texas, a factor considered and rejected by the district court below. Regardless, the argument here is essentially

---

[26] Fed. R. Civ. P. 45(a)(2)(B).

[27] Fed. R. Civ. P. 45(c)(3)(ii); *see In re Volkswagen of Am.,* 545 F.3d at 316.

that because the forum-selection clause did not dictate a different outcome it must not have been weighed properly. The district court was plainly conversant with *Stewart*. We cannot conclude that the district court "clearly and indisputably erred" by not giving proper weight to the public interest in ways Atlantic did not even raise before the district court.

## IV.

The core of *Stewart* is the directive of Congress that allocation of matters among the federal district courts is not wholly controllable by private contract. Rather the agreement of parties will signify in the district court's allocating decision, tempering the private agreement's reflection of private interests with the public interest attentive to the usual metrics of this case law, such as time to trial and convenience of witnesses. The contention that dismissal may be under § 1406 or Rule 12(b)(3) empties *Stewart* of force and confounds the plain language § 1406. Thus, we DENY Atlantic Marine's Petition for a Writ of Mandamus.

HAYNES, Circuit Judge, specially concurring:

In light of the majority opinion, I cannot credibly contend that the right to the writ is "clear and indisputable" as required for mandamus relief. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc). Thus, I concur in the majority opinion's holding.

## I. The District Court Erred

I submit, however, that the district court erred in its ruling and approach. I also respectfully diverge from the analysis of the majority opinion. Plainly stated, the Supreme Court has made clear that forum-selection clauses are enforceable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991) (explaining that forum-selection clauses aid in avoiding confusion among parties regarding the proper forum, limiting litigation expenses, and "conserving judicial resources that otherwise would be devoted to deciding [venue disputes]." (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring))). The effect of the district court's ruling, however, is to make forum-selection clauses enforceable by specific performance only at the election of the district court, which is free to render a decision that evades practical review, given our substantial limits on mandamus review, *see In re Volkswagen*, 545 F.3d at 310-11, and the practical unavailability of review on appeal following final judgment. *Id.* at 319 ("[T]he prejudice suffered [from an erroneous transfer decision] cannot be put back in the bottle . . . an appeal will provide no remedy for a patently erroneous failure to transfer venue.").

In *M/S Bremen*, the Supreme Court stated that forum-selection clauses "are prima facie valid," and should generally be enforced "unless [the party challenging enforcement] could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 10, 15. Under this standard, the parties' forum-

selection clause, which requires that disputes be brought in a specific state or federal court in Virginia, is enforceable as J-Crew Management, Inc. ("J-Crew") has neither shown nor made any attempt to show any injustice in proceeding in Virginia. J-Crew simply violated its agreement and filed suit against Atlantic in the Western District of Texas.

The district court denied Atlantic's motion to dismiss because it found venue was proper in the Western District of Texas pursuant to 28 U.S.C. § 1391. The court then stated it would consider the parties' forum-selection clause merely as a factor in denying Atlantic's motion to transfer pursuant to § 1404(a), although it gave very short shrift to the forum-selection clause in the ensuing analysis. The majority opinion correctly concludes that a forum-selection clause may be enforced through a motion to transfer based on § 1404(a). *See, e.g.*, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). I disagree, however, with the holding that this vehicle for relief is the exclusive means of enforcing a forum-selection clause that contemplates a federal forum when the original federal forum is valid under a permissive venue statute.

## II. The Majority Opinion's Analysis is Incorrect

### A. Forum-Selection Clauses Do Not "Transcend" Permissive Venue Statutes

The majority opinion reasons that a motion to dismiss or transfer pursuant to § 1406 cannot be granted when a forum-selection clause contemplates another federal forum and the plaintiff's chosen forum is statutorily permissive because doing so would allow private parties to transcend federal venue statutes. However, the statute in question here is permissive, not mandatory.[1] *See* 28

---

[1] Although the statute that purportedly establishes venue in this case is permissive, it is significant to note that this circuit has found that forum-selection clauses may trump even seemingly mandatory venue statutes. For example, Congress provided that any action under the Miller Act, 40 U.S.C. §§ 3131-3134, "*must* be brought . . . in the United States District Court for any district in which the contract was performed and executed . . . ." 40 U.S.C. § 3133 (emphasis added). This circuit has held that this provision in the Miller Act "is not

No. 12-50826

U.S.C. § 1391.  Significantly, § 1391 is a general and permissive venue statute that provides "a civil action *may* be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b)(2) (emphasis added).   Unlike other statutes that mandate venue in a particular forum, § 1391 does not mandate that venue be laid in a particular district.   Accordingly, in the absence of congressional direction otherwise, the parties remain free to consider all permissive venues and to "var[y] by their agreement," 588 F.2d at 95, the number of venues through a forum-selection clause.  In so doing, the parties do not transcend federal law, but instead agree that neither will seek to maintain venue in certain otherwise permissive forums.[2]

Here, because J-Crew and Atlantic contracted to limit the scope of permissive federal forums to the Eastern District of Virginia, the Western District of Texas becomes a "wrong venue."  The district court should have given effect to the parties' valid forum-selection clause and either dismissed the action for improper venue under 12(b)(3) or transferred it pursuant to § 1406.  The parties did not seek to transcend the applicable federal venue statute; instead, each merely agreed that it would not bring suit in any other permissive federal forum apart from the Eastern District of Virginia, a permissive venue.  This agreement does not replace or contradict § 1391, but instead only limits the

---

jurisdictional but only a venue provision . . . [which] may be varied by contract unless under the circumstances the agreement is unreasonable." *In re Fireman's Fund Ins. Cos.,* 588 F.2d 93, 95 (5th Cir. 1979) (citations omitted) (denying a petition for writ of mandamus seeking reversal of a district court's decision to transfer an action to a venue contemplated by a forum-selection clause pursuant to a motion to transfer based on § 1404(a)).  The court explained that the seemingly mandatory venue provision "exists for the convenience of the parties.  Such a provision is subject to variation by their agreement . . . ." *Id.*

[2] The Eastern District of Virginia is also a permissive venue under § 1391(a)(1) & (a)(2) because all of the Defendants reside there and it is the place where a substantial part of the alleged events or omissions giving rise to J-Crew's claims occurred.

No. 12-50826

parties' prerogative to avail themselves of the full scope of permissive venues that the statute would otherwise provide.

### B.   *Stewart* Does Not Require a Contrary Result

The majority opinion's reliance on *Stewart* to support the proposition that federal venue law must trump forum-selection clauses that contemplate a federal forum is misplaced. Similar to the forum-selection clause at issue here, *Stewart* involved a forum-selection clause that allowed for suit only in specific state or federal courts. 487 U.S. at 24. *Stewart*'s narrow holding determined that federal law, rather than state law, applies to a party's motion to transfer in a diversity action filed in federal court. *See id.* (describing the question presented as "whether a federal court sitting in diversity should apply state or federal law in *adjudicating a motion to transfer* a case to a venue provided in a contractual forum-selection clause." (emphasis added)). The Court specifically noted that the defendant's motion to dismiss based on § 1406 was not at issue on appeal because the claim of "improper venue" had been waived by the defendant. *See id.* at 28 n.8.

We have recognized the limited scope of *Stewart*, explaining that the case holds "that § 1404(a) is an appropriate vehicle for such a transfer because it allows for an individualized assessment of fairness and convenience, with a forum selection clause being one factor for consideration. *Stewart* does not mandate that whenever a forum selection clause exists any transfer must fall under § 1404(a)." *Jackson v. W. Telemarketing Corp. Outbound*, 245 F.3d 518, 522 (5th Cir. 2001) (emphasis removed). Although limited to the question of whether federal or state law applies in federal venue disputes, *Stewart* itself illustrates that an agreement between private parties can render inappropriate an otherwise appropriate federal forum. On remand from the Supreme Court in that very case, the Eleventh Circuit issued a writ of mandamus ordering the case transferred to the venue specified in the parties' forum-selection clause. *In*

15

No. 12-50826

*re Ricoh Corp.*, 870 F.2d 570, 571 (11th Cir. 1989). In enforcing the forum-selection clause, the court noted that the case did not present the "'exceptional' situation in which judicial enforcement of a contractual choice of forum clause would be improper." *Id.* at 574 (citing *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring)). Thus, the actual result of *Stewart* is exactly the opposite of the result reached here.

The Supreme Court has not read *Stewart* the same way as the majority opinion. Indeed, following *Stewart,* the Court in *Shute* embraced *M/S Bremen*'s holding and enforced a forum-selection clause by affirming the grant of a motion for summary judgment. *See* 499 U.S. at 591-94. The Court's approval of the use of a summary judgment motion as a vehicle for enforcing the forum-selection clause—which implicitly contemplated a federal forum by allowing for suit in any court in "the State of Florida"—demonstrates that *Stewart* does not render forum-selection clauses enforceable only under the discretion of a district court performing a § 1404(a) analysis. *See id.* at 588-89. Instead, as *Shute* demonstrates, these clauses may also be given effect when a party alleges venue is not proper under a motion to dismiss or a motion for summary judgment. Accordingly, I respectfully submit that the majority opinion takes *Stewart* too far.

## C.   The Majority Opinion Is Contrary to the Majority of Circuit Courts and Inconsistent with Our Precedent

My view is consonant with that of the majority of circuits which give effect to a forum-selection clause through a motion to dismiss filed pursuant to Rule 12(b)(3) and § 1406. *See, e.g., Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 970-73 (8th Cir. 2012) (rejecting the notion that a claim cannot be dismissed under § 1406 for failure to comply with a forum-selection clause if venue is otherwise appropriate under 28 U.S.C. § 1391); *TradeComet LLC.com v. Google, Inc.*, 647 F.3d 472, 478 (2d Cir. 2011) (noting that *Stewart* does not compel

consideration of a forum-selection clause under § 1404(a) and holding that "a defendant may seek to enforce a forum selection clause under Rule 12(b)"); *Slater v. Energy Servs. Gr. Int'l, Inc.*, 634 F.3d 1326, 1333 (11th Cir. 2011) ("[W]e conclude that § 1404(a) is the proper avenue of relief where a party seeks the transfer of a case to enforce a forum-selection clause, while Rule 12(b)(3) is the proper avenue for a party's request for dismissal based on a forum-selection clause."); *Hillis v. Heineman*, 626 F.3d 1014, 1016 (9th Cir. 2010) (finding that a party's defense for improper venue under Rule 12(b)(3) based on a forum-selection clause was valid and was not waived by the filing of a counterclaim); *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760-62 (7th Cir. 2006) ("A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under [Rule] 12(b)(3)."); *Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548-50 (4th Cir. 2006) (holding that a forum-selection clause may be enforced "under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue"); *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 954 (10th Cir. 1992) (affirming a district court's dismissal of claims based on a forum-selection clause that contemplated a foreign jurisdiction).[3]

---

[3]   In contrast to these cases, the Third and Sixth Circuits embrace the majority opinion's approach in this case by concluding that, when venue is otherwise proper in the original forum, § 1404(a) is the only appropriate procedural vehicle to enforce a forum-selection clause that contemplates an alternative federal forum. *See, e.g., Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 538-39 (6th Cir. 2002); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) ("Since venue is proper in the [district] where the action commenced, . . . [t]he District Court should instead have applied the appropriate balancing test under 28 U.S.C. § 1404(a) to determine whether the case should proceed in the [district] or be transferred to the [district where the forum-selection clause contemplates the action should lie]."). More recently, however, the Sixth Circuit suggested that a forum-selection clause contemplating both federal and state forums may be enforced through a motion to dismiss. *See Langley v. Prudential Mortg. Cap. Co.*, 546 F.3d 365, 366 (6th Cir. 2008) (remanding to the district court "to entertain a motion to enforce the forum selection clause under [Rule] 12(b)(6) or 28 U.S.C. § 1404(a)").

No. 12-50826

Our circuit has not addressed whether a forum-selection clause contemplating a federal forum may be enforced through a motion to dismiss for improper venue. However, as the majority opinion points out, we have found that a Rule 12(b)(3) motion to dismiss for improper venue is an appropriate vehicle for enforcing a forum-selection clause that contemplates state, foreign, or arbitral forums. *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898 (5th Cir. 2005) (arbitral forum); *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 37 (5th Cir. 1997) (foreign forum); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996) (state forum).

Further, we suggested in *Jackson* that a forum-selection clause contemplating a federal forum could be enforced through a motion to transfer for improper venue based on § 1406. *See* 245 F.3d at 522. The choice-of-law analysis in *Jackson* required us to consider whether a federal district court in California transferred a case to a federal district court in Texas based on § 1404(a) or § 1406. We concluded that the California court ordered transfer under § 1406 based on a forum-selection clause. *Id.* at 522-23. We specifically noted that "*Stewart* does not mandate that whenever a forum selection clause exists any transfer must fall under § 1404(a)." *Id.* at 522. The majority opinion disregards *Jackson*'s guidance.

**D.  The Forum-Selection Clause at Issue Should be Given Effect**

The effect of the majority opinion is to leave us with the somewhat bizarre situation that forum-selection clauses are enforceable by specific performance where the forum is state, foreign, or arbitral, but enforceable by specific performance only at the mercy of the district court for federal courts. I submit that we should adopt the approach of the majority of our sister circuits and use § 1406 transfers in these situations. Absent a mandatory venue statute, a valid forum-selection clause renders any other forum inappropriate, regardless of

whether the forum contemplated by the parties is a state, federal, or foreign venue.

Congress, is of course, free to limit the enforcement of forum-selection clauses if it so chooses, as it has done in the past.  For example, after the Supreme Court in *Shute* gave effect to a forum-selection clause in a cruise line's passage contract ticket, Congress initially amended 46 U.S.C. § 30509 to prevent passenger ships from seeking enforcement of forum-selection clauses when plaintiffs raise personal-injury or wrongful-death claims.  *See Reynolds-Naughton v. Norwegian Cruise Line Ltd.*, 386 F.3d 1, 2 (1st Cir. 2004) (explaining that § 30509 was initially amended to supercede *Shute*'s holding). Interestingly, however, Congress ultimately re-amended the statute to allow for the enforcement of forum-selection clauses in the context of passage contract tickets.  *See id.* at 2-3 (discussing the subsequent amendments to § 30509). Congress continues to look favorably on forum-selection clauses, as reflected in the recent amendment to § 1404(a) allowing for the transfer of cases to venues chosen by agreement that would otherwise not be districts where an action "might have been brought."  *See* § 1404(a).[4]

---

[4] Specifically, this amendment provides that a transfer can be made to "any district or division to which all parties have consented," regardless of whether the venue would otherwise be proper.  *See* § 1404(a); *see also* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 204, 125 Stat. 758, 764; 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §111.12(1)(c) (3d ed. Supp. 2012) (explaining that the amendment superceded the requirement in *Hoffman v. Blaski*, 363 U.S. 335 (1960), that a transferring court could only transfer to a venue with personal jurisdiction and "could not consider the defendant's consent to the transferee venue").  Accordingly, parties may seek transfer under §1404(a) to a venue where the action could have otherwise been brought or that was consented to by the parties through a forum-selection clause.  *See* § 1404(a).  This amendment does not supercede the majority of federal circuits that allow for forum-selection clauses also to be enforced through Rule 12(b)(3) motions or motions to transfer based on § 1406.  Rather, by explicitly providing that § 1404(a) allows for transfer to a venue that would otherwise be invalid but for the parties consent, this amendment demonstrates that Congress recognizes that forum-selection clauses may be enforced even where the chosen venue is not that chosen by federal venue statutes.

No. 12-50826

A forum-selection clause that was negotiated and agreed to by sophisticated parties and is not challenged based on fraud, unreasonableness, or anything similar should be given effect. As Atlantic notes, the negotiation of a forum-selection clause involves various economic decisions and often requires a party to make concessions in exchange for the assurance that potential litigation will occur in a predetermined venue. Companies, such as Atlantic, that conduct business throughout a broad geographical area rely on forum-selection clauses to ensure that they can anticipate business costs and avoid litigation in a plethora of possible venues. Section 1406 seems to be the cleanest way to do so, treating the venue now "deselected" by the agreement as a "wrong" venue. This approach does not transcend federal venue statutes, but instead recognizes the ability of parties to "var[y] by their agreement," 588 F.2d at 95, the breadth of the scope of permissive venue statutes through their contractual agreements.

I note, however, that even if the majority opinion is correct that § 1404 is the only appropriate procedural vehicle here, the district court still abused its discretion. While stating that it considered the forum-selection clause as a "factor," the district court in practical terms gave it no weight and conducted a standard § 1404 "convenience" analysis. I can discern no practical difference between this district court opinion and that of a district court that was assessing this same case without a forum-selection clause. Whatever the procedure may be, the substance was wrong.

Absent any claim of fraud or unreasonableness by J-Crew, mere "convenience" should not trump the parties' reasoned contract. Had the district court given the forum-selection clause the deference it deserves, it would have transferred the case under either §1404 or §1406.

**E. Conclusion**

20

No. 12-50826

We should not leave the enforcement by specific performance of otherwise valid contractual forum selection clauses to the vicissitudes of virtually unfettered judicial discretion.  Absent some compelling countervailing factor (something J-Crew does not even argue is present here), forum-selection clauses such as this one should be and should have been enforced by transfer or dismissal.[5]  Thus, while the very high standards for mandamus review coupled with the majority opinion's approach compel my concurrence in the judgment, I conclude that the district court erred.

Given the state of the law in this area,  I encourage the parties to request review of today's decision by the United States Supreme Court, so it may consider whether this area of the law would benefit from its further guidance.

A true copy
Attest:

Clerk, U. S. Court of Appeals, Fifth Circuit

By

Deputy
New Orleans, Louisiana

---

[5] That said, nothing in the majority opinion would preclude Atlantic's seeking of some other remedy for the clear breach.  As Atlantic discussed during oral argument, J-Crew's disregard for the parties' bargained-for agreement by bringing suit in Texas may result in Atlantic incurring substantial litigation costs that it would have otherwise avoided.  On remand, it is free to seek damages for those costs.

RECEIVED
Nov 29
DEC 5 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

LYLE W. CAYCE
CLERK

*United States Court of Appeals*
FIFTH CIRCUIT
OFFICE OF THE CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

November 19, 2012

Mr. William Putnicki
Western District of Texas, Austin
United States District Court
200 W. 8th Street
Room 130
Austin, TX 78701

   No. 12-50826,  In re: Atlantic Marine Const Co. Inc.
     USDC No. 1:12-CV-228

Dear Mr. Putnicki:

Enclosed is a copy of an opinion on Writ of Mandamus issued
November 19, 2012. We have closed the case in this court.

     Sincerely,

     LYLE W. CAYCE, Clerk

     By: _____
     Joseph M. Armato, Deputy Clerk
     504-310-7651

Enclosure(s)

cc: Honorable Lee Yeakel
  Mr. William Scott Hastings
  Mr. Chad B. Simon